# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.    1:17cv02214GPG

(To be supplied by the court)

Phillip Quink                                           , Plaintiff,

v.

No named respondent                                     ,

_____ ,

_____ ,

_____ ,

_____ ,

_____ ,

_____ ,

_____ , Defendant(s).

(List each named defendant on a separate line.)

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 16 2017

JEFFREY P. COLWELL
CLERK

---

# COMPLAINT

---

Suspension of all wildlife licenses and privileges for 1 year.

Conclusions of Law: Count 2 & 4 are the same. Therefore the awarded points should not be penalized against Mr. Quink. Count #3 the county road was in exceptionally poor condition and NOT marked at all or not very well. The private land was not marked either.

(Rev. 07/06)

## PARTIES

1.  Plaintiff ___Phillip Quink_____ is a citizen of ___United States_____
    who presently resides at the following address:
    ___1450 E. 2nd Ave. Durango, CO 81301_____

2.  Defendant __No Named Respondent_____ is a citizen of _____
    who live(s) at or is/are located at the following address:
    _____

3.  Defendant _____ is a citizen of _____
    who live(s) at or is/are located at the following address:
    _____

    (Attach a separate page, if necessary, to list additional parties.)

## JURISDICTION

4.  Jurisdiction is asserted pursuant to following statutory authorities:
    _____
    _____
    _____

5.  Briefly state the background of your case:   Being a first time receiver of a citation in
    60 years of fishing and hunting I feel the INTIMIDATION involved caused me to make wrong
    statements when approached and issued the citation by Officer Archuleta.

1450 E. 2nd Ave.

Durango, CO  81301

October 6, 2017


Magistrate Judge, Gordon P. Gallagher

United States District Court

Alfred A. Arraj Courthouse

901-19th St,. Room kA105

Denver, CO  80294-3589


Judge Gordon P. Gallagher

Re:  1:17cv02214GPG

This long distance Challenge to the 1 year suspension of my license privileges is made with the hope you will stay, review and reinstate my privileges.  Much of my conversations with the officer in charge was INTIMIDATED by my lack of experience.  I have NEVER, in 60+ years of hunting & fishing ever received a citation.  It unnerved me to think I had made such a mistake, and after I read the charges I was really sick to my stomach.

Attached are many pieces of correspondence related to this filing, many have the same information, I will try not to repeat this information.

I do wish to clear-up some of the Findings of Fact (FOF) on page 2 of Mr. Broscheids packet (attached).

The first paragraph does not state why I didn't make their hearing on February 8, 2016.  I am a dedicated teacher and have been for nearly 50 years.  I love my job and have been underpaid for many years.  I sent a lot of money to pay the fine as indicated on the attached letters.

#2 Of the itemize FOF.  I filled out the tag and was in the process of cleaning the animal.  There were NO signs to indicate I was on private land.  If I had left the animal I would have been ticketed for this.

"I was hunting for bull elk, that's what I shot and I had a license & tag for this animal.

#3 The elk had horns and was in a heard with other elk.  I didn't have time to measure size or brow tines. I figured the elk was legal & I had my meat for the coming year.

#5 I had No idea the road was a county road.  It was in extremely poor condition and I didn't see a sign. I did not state that I "Parked on ACR 500 because I didn't realized the road was a county road. Being a seasoned sportsman I usually use whatever's available to rest my weapon, when shooting.  Therefore a fence post, the reason for that statement.



# COLORADO
## Parks and Wildlife

Department of Natural Resources

1313 Sherman Street, Room 618
Denver, CO 80203
P 303.866.3437 | F 303.866.3206
cpw.state.co.us

*1:17cv02214GPG*

August 15, 2017

Phillip Quink
1450 E. 2nd Avenue
Durango, CO  81301

Case No. DUR 7263

Mr. Quink:

On August 11, 2017 the Colorado Parks and Wildlife Commission considered your petition to appeal the License Hearing Examiner's decision to suspend your wildlife license privileges. After reviewing the case file, your petition, all available facts in the case, and the hearing examiner's decision and findings of fact/conclusions of law, the Commission's decision was to deny your appeal and uphold the hearing examiner's decision, as noticed. A copy of the hearing examiner's decision is attached hereto and incorporated herein by reference. This ruling now becomes the final agency action and decision of the Colorado Parks and Wildlife Commission.

The suspension of all of your wildlife licenses and privileges for **1 year** therefore becomes effective on the date of receipt, or attempted delivery, of this notice, as evidenced by the certified mail return receipt.

Be advised that you may appeal any adverse final agency action, and decision of the Commission to the Denver District Court, as provided in Sec. 24-4-106(4), C.R.S., by bringing an action for judicial review within **thirty-five (35) days** after the effective date of the Commission's final agency action. Also be advised that, in connection with a filing for judicial review, you may contemporaneously request the Commission to stay its suspension decision. If your request to the Commission to stay its suspension is received by the Commission, or is postmarked no later than the date of the filing of the petition for judicial review, it will automatically be granted. Thereafter, any request for a stay of the Commission's license privileges suspension should be addressed to the Court hearing your petition for judicial review.

FOR THE COLORADO PARKS AND WILDLIFE COMMISSION

Bob D. Broscheid, Director
Colorado Parks and Wildlife

cc:  Colorado Attorney General's Office

Bob D. Broscheid, Director, Colorado Parks and Wildlife • Parks and Wildlife Commission: Robert W. Bray • Jeanne Horne
John Howard, Vice-Chair • Dale Pizel • James Pribyl, Chair • James Vigil • Dean Wingfield • Michelle Zimmerman, Secretary • Alex Zipp



STATE OF COLORADO
DEPARTMENT OF NATURAL RESOURCES
PARKS & WILDLIFE COMMISSION
OFFICE OF THE HEARING EXAMINER
6060 BROADWAY
DENVER, CO 80216

*1:17cv 02214 GPG*

IN THE MATTER OF THE PRIVILEGE OF
PURCHASING LICENSES ISSUED BY
COLORADO PARKS AND WILDLIFE WITHIN
THE STATE OF COLORADO TO:

Case No. 7263

Philip Quink
1450 E. 2nd Ave
Durango, CO 81301

License suspension hearings were scheduled to take place February 8, 2017 at the Colorado Parks and Wildlife Durango Regional Office, 415 Turner Drive, Durango, CO 81303. Proper notice of hearing was sent by certified mail to the last known address for the respondent, Philip Quink, consistent with law enforcement reports and the citations detailing the wildlife charges. The respondent did not appear in person or offer any mitigation pertaining to this case

## FINDINGS OF FACT

1. On November 7, 2015 Colorado Wildlife Officer Adrian Archuleta was patrolling during big game season on Archuleta County Road (ACR) 500.

2. Officer Archuleta observed a vehicle parked on the shoulder of the county road that was bordered by private land. Officer Archuleta saw two hunters in the field on the private property of the Adams Ranch and walked out to them.

3. Officer Archuleta contacted the two hunters, Philip Quink and Samuel Haas, who had each killed an elk. Quink had killed a spike bull elk, and Haas had killed a 1x2 bull elk without any brow tines. Neither elk was legal, since they did not meet the 4-point antler restriction requirement.

4. Neither Quink nor Haas had permission to hunt on the Adams Ranch and indicated they thought they were on public lands.

5. Officer Archuleta asked if they had shot the elk from the county road. Both men stated that they had parked on ACR 500, gotten out of the truck, and walked over to a location near the fence before shooting.

6. Officer Archuleta's investigation revealed spent .30-06 brass in the driving portion of ACR 500, and both men later admitted to shooting from the county road.

7. The landowner opted not to pursue trespassing charges against Quink and Haas.

8. Quink and Haas both stated that they had not read the big game brochure and were unaware of the antler point restrictions.

ꞌFINDINGS OF FACT AND CONCLUSIONS OF LAW   Phillip Quink        Case No. 7263

## CONCLUSIONS OF LAW

*1: 17cv02214GP6* (handwritten)

9. Based upon the officer's investigation, Philip Quink was issued Penalty Assessment D622263 for the following violations:

- <u>Warning</u>    33-6-116(1)    Did unlawfully enter upon private land to hunt wildlife without permission (Warning, no associated license suspension points or criminal penalties assessed). ·

- **<u>Count 2</u>**    **33-6-109(3)(c)**    **Did unlawfully take wildlife (to wit: spike bull elk) (15 points).**

- **<u>Count 3</u>**    **33-6-126**    **Did unlawfully shoot from upon a public road (5 points).**

- **<u>Count 4</u>**    **PWC   Reg. 254.A**    **Did unlawfully fail to comply with the 4-point antler restriction on elk (5 points).**

10. On December 1, 2015 Philip Quink paid the penalty assessment fine of $1,508.50 to the Colorado Parks and Wildlife Denver Headquarters. By doing so, he acknowledged guilt to Counts 2, 3, and 4, forfeiting his right to have his case adjudicated in court.

11. Philip Quink has now been assessed a total of **25 license suspension points**, more than the minimum 20 points which authorizes the Parks and Wildlife Commission to suspend CPW licenses and privileges for up to 5 years, under Sec. 33-6-106(1)(a) C.R.S. (2016).

## STATUTORY REVIEW

12. 33-6-106(2) For the purposes of license suspension under subsection (1) of the section, **the payment of a penalty assessment**, a court conviction, a plea of nolo contendere, the acceptance of a deferred or suspended sentence by the court, the adjudication of a juvenile as delinquent for any violation of this title that would have resulted in a conviction if prosecuted as an adult, or the forfeiture of bail shall be deemed a conviction.

## MITIGATING ARGUMENTS, CIRCUMSTANCES & EVIDENCE

11. Philip Quink did not schedule a time to appear for his hearing, but he did provide written mitigation in response to the Notice of Hearing. Mr. Quink had previously written letters to Director Broscheid (November 10, 2015) and Commissioner Castilian (January 12, 2016) expressing his concerns over the issuance of the citation. The previous Hearing Examiner, Brad Frano, did respond to Mr. Quink's concerns on February 9, 2016.

12. In his written statement of mitigation dated January 30, 2017, Mr. Quink states:

"On November 7, 2015 I made a large mistake while hunting in the Pagosa Springs, Co. area. I have been loosing a lot of sleep over this problem and am truly sorry for the mistake. Please review the enclosed documents as I am hoping you can make a favorable decision for me.

Being a school teacher I cannot afford (already pd. $1,508) to take time off to attend the hearing which is scheduled for February 8, 2017. I cannot afford to miss school as I am repaying the amount it took to pay the fine.

FINDINGS OF FACT AND CONCLUSIONS OF LAW    Phillip Quink    Case No. 7263

*1:17cv02214GPG*

I feel that after paying the fine, $1,508, cost of license, $49.00, loss of Meat, approximately $2,000.00, which I was counting on to feed my family this year, I have been over penalized already.

Being a sportsman of 60 years (I started hunting at age 14) and I haven't received a ticket until this one in 2015. Being a veteran of the Viet Nam war, I missed 4 years of hunting & fishing in Colorado, now I am a member of the VFW, American Legion, BPOE, AARP, AMAC and the NRA. A graduate of Fort Lewis College and a teacher of 46 years.

Reference Notice of Hearing Violations:

33-6-126 This road was very poorly marked, I didn't see a sign and the road was in extremely poor condition, deep ruts, much rocks etc. it couldn't hardly be called a public road.

PWC #W-254 I had a permit (license) to harvest a bull elk, being in section 76 there were no restrictions, and the Big Game Booklet was very vague about the areas. I was not aware that I was in area 77 and not in 76, see the attached map and No Restriction Rule.

33-6-109(1) Being in the wrong unit was a large mistake and this seems to be the same complaint as stated above. A spike bull elk doesn't have 4 points so the mistake was the same as PWC #4-254 stated previously.

I am very sorry for making the mistakes I made, and hope you will consider my age and my remorse and allow me to obtain licenses in the future. I would also like some of the fine I paid returned or my Elk meat.

Please reply as soon as possible.

Sincerely,
(signature)
Philip Quink

With the cost of a license, $49.00, value of my elk, Approx. $2,000.00, and the fine, $1,508.00, I believe I paid my PENNALTY of $3,557.00. WHY SHOULD I BE PUNISHED MORE?"

FINDINGS OF FACT AND CONCLUSIONS OF LAW    Phillip Quink    Case No. 7263

1:17cv02214GPG

## **DECISION**

13. In review of the license suspension criteria, Colorado Parks & Wildlife Commission Regulation #1601.B.2.f 1-17, the following factors apply:

   a. Wildlife was taken illegally.
   b. Three separate wildlife violation convictions under one incident.
   b. Mr. Quink appears to have known he shot from a public road in that he initially denied shooting from the road to the officer.
   c. Mr. Quink was negligent in that he did not attempt to read the rules and regulations in the big game brochure pertaining to the antler-point restrictions or limited license GMUs.
   d. Mr. Quink is a lifelong hunter with a long history of purchasing elk licenses in Colorado.
   e. Mr. Quink paid the penalty assessment fine of $1,508.50.
   f. Mr. Quink was cited along with his hunting partner who had also shot an illegal bull elk.
   g. The illegal wildlife taken was a spike bull elk.

14. Mr. Quink appears to have an extensive hunting history in Colorado and generally has an over-the-counter bull elk license or an antlerless elk license every year. With this lifelong background in hunting, I would expect a better knowledge and understanding of Colorado's big game laws and regulations, many of which have not changed significantly in decades.

15. Accordingly, a suspension period of **1-year** is warranted and ordered for the privilege of applying for, purchasing, or exercising the benefits conferred by all licenses issued by the division, from the permissible range of 0 to 5 years pursuant to Sec 33-6-106(1)(a), C.R.S. (2016).

SWC 2/14/17

# COLORADO
## Parks and Wildlife

Department of Natural Resources

1:17cv02214 GPG

Hearings Office
6060 Broadway
Denver, CO 80216
P 303.291.7418 | 303.291-7106
CPWHearings.Office@state.co.us

February 3, 2017

Phillip Quink
1450 E. 2nd Avenue
Durango, CO 81301

Case No. 7263
Date of Birth: 7-29-1942

Mr. Quink:

The Hearings Office is in receipt of the written information that you have submitted – by certified mail – as mitigation in response to the Notice of Hearing letter mailed to you by certified delivery.

The following items have been included with your case file for consideration by Mr. Cooley as he deliberates about a possible wildlife license suspension resulting from your citation:

- Letter addressed to CPW Hearing Examiner Cooley, dated 1-30-2017;
- Letter from CPW Hearing Examiner Frano in response to the letters that you had sent to Director Broscheid and Vice Chair Castilian, dated 2-9-2016;
- Letter addressed to Vice Chair Castilian, dated 1-12-2016;
- Letter addressed to Director Broscheid, dated 11-10-2015;
- Notice of Hearing letter from CPW Hearing Office, dated 12-14-2016;
- Copy of Citation D622263;
- Copy of Notice to Defendant;
- Copy of two pages from 2015 Big Game Brochure – 1st page delineates "Antler-Point Restrictions" and 2nd page is GMU map.

Notification of Mr. Cooley's decision regarding suspension is required by state law to be in writing, so you can anticipate the first attempted delivery of the certified decision notice within 2-3 weeks after the hearing date of February 8th. Your wildlife license privileges are not currently suspended for these violations, so you are legally "entitled to purchase, apply for, or exercise the benefits conferred by any license issued by the division" (33-6-106(6) CRS (2016)).

If Mr. Cooley's decision is for suspension, the decision letter will specify the length of the suspension, as well as the beginning and ending dates for the suspension. If suspended, the beginning date will be approximately 45 days after the hearing date.

Please feel free to contact me if you need anything else in regard to this matter.

Lora B. Michael
Assistant to the CPW State Hearing Examiner

1:17cv02214GPG

1450 E. 2nd Ave.

Durango, CO  81301

January 2017


Mr. Steve W. Cooley

State Hearing Examiner

Colorado Parks & Wildlife

6060 Broadway

Denver, CO  80216

Dear Mr. Cooley:

RE Case 7263

On November 7, 2015, I made a large mistake while hunting in the Pagosa Springs, Co. area... I have been loosing a lot of sleep over this problem and am truly sorry for the mistake.  Please review the enclosed documents as I am hoping you can make a favorable decision for me.

Being a school teacher I cannot afford (already pd. $1,508) to take time off to attend the hearing which is scheduled for February 8, 2017.  I cannot afford to miss school as I am repaying the amount it took to pay the fine.

I feel that after paying the fine, $1508.00, cost of license, $49.00. loss of Meat, approximately $2,000.00, which I was counting on to feed my family this year, I  have been penalized to much already.

Being a sportsman of 60 years (I started at age 14) and I haven't received a ticket until this one in 2015. Being a veteran of the Viet Nam war, I missed 4 years of hunting & fishing in Colorado, now I am a member of the VFW, American Legion, BPOE, AARP, AMAC and the NRA.  A graduate of Fort Lewis College and a teacher of 46 years.

Reference Notice of Hearing Violations:

33-6-126 This road was very poorly marked, I didn't see a sign and the road was in extremely poor condition, deep ruts, much rocks etc. it couldn't hardly be called a public road.

PWC #W – 254 I had a permit (license) to harvest a bull elk, being in section 76 there were no restrictions, and the Big Game Booklet was very vague about the areas I was not aware I was in area 77 and not in 76.

1:17cv 02214 GPG

Page 2

CO Parks & Wildlife

January 2017

33-6 -109 Being in the wrong area was a large mistake and this seems to be the same complaint as stated above.  A spike bull elk doesn't have 4 points so the mistake was the same as PWC #4 – 254 stated above.

I am very sorry for making the mistakes I did and hope you will consider my age and my remorse and allow me to obtain a license in the future.  I would also like some of the fine I paid returned or my Elk meat.

Please reply as soon as possible.

Sincerely,


Phillip Quink

With the cost of a license, $49.00, value of my elk, Approx. $2000.00, and the fine, $1508.00 I believe I paid my PENNALTY of $3,557.00.  WHY SHOULD I BE PUNNISHED MORE?

1450 E. 2nd Ave.
Durango, CO  81301
November 13, 2015


Mr. Robert William Bray, Chair
Mr. Chris Castilian, Vice Chair
Ms. Jeanne Horne, Secretary
Mr. William G. Kane Rep.
Mr. John V. Howard Jr. Rep.
All other honorable Members of the Commission

Dear Sirs & Madam:

I recently had a conflict and a problem while hunting the Pagosa Area.  Please review the attached correspondence.  My letter to you is a follow-up to the letter attached to Mr. Bob Broscheid.

I wish to hunt for the next five years in Colorado, whether in the Durango or Pagosa Springs Area. or somewhere else in Colorado.  What can you do as a group to assist me so that I can retain my hunting rights?

I made mistakes during this hunt, but after reading the hunting regulations and seeing that Area 76 has no restrictions with regard to antlers, this point may have been what I was thinking during my hunt.  And the road we were on may have been marked but I didn't see any signs, there were no signs on the fence of the private property.

Please review my request and make a decision to consider in my favor.

Sincerely,



Phillip Quink

Enclosure

1:17cv02214GPG

STATE OF COLORADO
DEPARTMENT OF NATURAL RESOURCES
PARKS & WILDLIFE COMMISSION
6060 BROADWAY
DENVER, CO 80216

February 9, 2016

IN THE MATTER OF THE PRIVILEGE OF
PURCHASING LICENSES ISSUED BY
COLORADO PARKS AND WILDLIFE WITHIN
THE STATE OF COLORADO TO:

Phillip Quink                                           Case No.  7263
1450 E. 2nd Avenue                                      Date of Birth:  7-29-1942
Durango, CO 81301

Mr. Quink:

Your letter to Colorado Parks and Wildlife (CPW) Commission Chairman Chris Castilian has been forwarded
to the Hearings Office for response.

Please be advised that, at this point, **your wildlife license privileges have <u>not</u> been suspended**, and you
are still entitled to continue to fish and hunt in Colorado.

Apparently, your initial correspondence – addressed to Director Bob Broscheid - was received on 12-1-
2015, along with the payment for your penalty assessment (D622263), by CPW's Law Enforcement Unit.
As the supervisor for the citing officer, Wildlife Officer Adrian Archuleta, Area Wildlife Manager Matt
Thorpe responded (on 1-6-2016) to the questions you posed in your letter.

In summary, you were issued a penalty assessment on November 7, 2015 for wildlife-related violations
committed in Archuleta County, and you paid the associated fines.  Based upon your plea of guilty - by
payment - to the violations as charged on the citation, your assessed points are sufficient to be noticed to
a hearing for possible suspension of your privileges.

Upon review of the State Hearing Examiner's pending case files, your case has been forwarded to my
office and is pending notification to a hearing at the next scheduled hearings in Durango.  You will most
likely be sent a certified notice to a hearing within the next 6 to 18 months.  Persons with pending case
files can call the Hearings Office at 303-291-7418 periodically to check the status of their case with CPW.

The notice of hearing will advise you of your opportunity to attend a hearing and offer mitigation in your
behalf.  Copies of your letters have been included (as written mitigation) with your case file for review by
the State Hearing Examiner when a suspension of your wildlife license privileges is considered.

To clarify, <u>your wildlife license privileges are <u>not</u> currently suspended for these violations</u>, so you are
legally "entitled to purchase, apply for, or exercise the benefits conferred by any license issued by the
division" (33-6-106(6) CRS (2015)) – unless you have other license restrictions authorized outside of the
purview of the CPW Hearings Office.

If you have additional questions related to this matter, please feel free to contact the State Hearing
Examiner's office at 303-291-7418.

B.J. Frano
State Hearing Examiner
for the Colorado Parks and Wildlife Commission

*1 7cv 02214 GPG*

# COLORADO
## Parks and Wildlife
Department of Natural Resources

Area 15- Durango Service Center
151 East 16th Street
Durango CO 81301
P 970-247-0855

January 6, 2016

Mr. Phillip Quink
1450 E. 2nd Avenue
Durango, CO 81301

Re: Letter included with payment of Citation D622263

Dear Mr. Quink,

Your letter regarding a hunting incident on November 7, 2015 near Pagosa Springs, Colorado was forwarded to me since I supervise Wildlife Officer Adrian Archuleta. You have expressed concern that you were over-penalized in both fine amount and license suspension points.

I reviewed the case report for your incident. According to Officer Archuleta's report, you and your companion hunted on private land without permission, making the bull elk that you harvested illegal. While Officer Archuleta could have cited you for trespass and an illegal elk, he used his rapport with the landowner to help you avoid that additional charge (and instead gave you a written warning). Additionally, a spike bull elk does not meet the 4 point antler restriction. Charge #2 for illegal take uses our standard wording that requires us to identify the number and type of animal (To wit: one spike bull elk). Charge #4 is the specific regulation that requires bull elk in that unit to have 4 antler points to be a legal harvest. Charges #2 and #4 are separate infractions, not duplicative charges.

CPW wants hunters to respect private property. Hunting or fishing on private land without permission carries a $140 fine and 20 license suspension points. Generally, landowners are not willing to give individuals a warning for hunting trespass. By issuing you a written warning, Officer Archuleta reduced your license suspension points. Had you been charged with trespass, it would have almost doubled your license suspension points to 45.

The fine amounts and license suspension points are set by the Colorado Legislature in our state laws, the Colorado Revised Statutes. Because they are set in statute, Colorado Parks & Wildlife is not allowed to reduce the fine amounts or reduce the points. Your payment of the fine constitutes an admission of guilt, so the fine and points will be assessed.

The power to suspend hunting/fishing privileges lies with the Colorado Parks & Wildlife Commission. Suspension is not automatic; it is a separate administrative process handled by our Hearing Examiner, Brad Frano. You will receive a notice by mail that explains how this

Bob D. Broscheid, Director, Colorado Parks and Wildlife • Parks and Wildlife Commission: Robert W. Bray, Chair • Chris Castilian, Vice Chair
Jeanne Horne, Secretary • John Howard, Jr. • Bill Kane • Dale Pizel • James Pribyl • James Vigil • Dean Wingfield • Michelle Zimmerman • Alex Zipp



1:17cv02214 GPG

# NOTICE TO DEFENDANT

## (PLEASE READ CAREFULLY)

### If you have been issued a SUMMONS AND COMPLAINT

You are required to appear in court at the time and place indicated on the face of this form, either in person or represented by counsel. Be advised that signing this is your promise to appear and not an admission of guilt. Failure to appear will result in a warrant being issued for your arrest.

### If you have been issued a PENALTY ASSESSMENT

You have received a PENALTY ASSESSMENT ticket pursuant to 33-6-104 CRS as amended. By law you are required to pay to the Division of Wildlife within fifteen (15) days from date of issue, the amount of fine assessed as indicated on the face of this form. Payment of the fine specified shall be considered a conviction of the offense for which the penalty assessment was paid. All applicable license suspension points shall be assessed.

. . . THE ASSESSED FINE HAS BEEN SET BY LAW .  . .

Signing this form is your promise to pay the assessed fine, within the allotted fifteen (15) days.

- or -

Failure to pay will cause this to become a Summons and Complaint, will be docketed and necessitate your appearance in the County Court, at the place, date and time shown on the front of this ticket.

Failure to appear in Court after this citation is docketed will constitute a separate offense of "Failure to Appear" and a warrant will be issued for your arrest on both counts.

MAIL THE ASSESSED FINE
(BY PERSONAL CHECK, CERTIFIED CHECK OR MONEY ORDER - DO NOT SEND CASH)
TOGETHER WITH THIS COPY OF THE TICKET TO:

DIVISION OF WILDLIFE
LAW ENFORCEMENT UNIT
6060 BROADWAY
DENVER, COLORADO 80216

OR

TAKE THE ASSESSED FINE TOGETHER WITH THIS COPY OF THE TICKET TO ANY DIVISION OF WILDLIFE SERVICE CENTER

### If you have been issued a WARNING

NO ACTION IS REQUIRED ON YOUR PART.

### LICENSE SUSPENSION POINTS

If you accumulate 20 or more points in a single episode or within any given five year period, the Colorado Wildlife Commission has the exclusive authority to suspend your hunting and fishing privileges for up to 5 years (or longer for certain violations). Notice of Hearing for possible suspension, shall be sent by certified mail from the hearings office. If you move prior to receiving a Notice of Hearing, notify the Colorado Division of Wildlife of your new address in writing at: DIVISION OF WILDLIFE, LAW ENFORCEMENT UNIT. 6060 BROADWAY. DENVER, COLORADO 80216

### TO RECEIVE CREDIT FOR PAYMENT ENCLOSE THIS COPY.

1:17cv02214GPG

NO. D622263

Cash Receipt/Acceptance No. _____

*D622263*

# COLORADO DEPARTMENT OF NATURAL RESOURCES Division of Wildlife

**DEFENDANT**

☒ Penalty Assessment   ☐ Summons and Complaint   ☐ Warning   ☐ Felony / DA Filing

The People of the State of Colorado vs:

DEFENDANT: PHILLIP D.   (NAME) QUINK

ADDRESS: 1450 E. 2nd AVE

CITY: DURANGO   STATE: CO   ZIP: 81301

PHONE: (970) 247-3389

COUNTY: ARCHULETA   State of Colorado

VENUE: _____   TIME: 6:30 ☐ AM ☒ PM   DATE: JAN. 07 / 20 / 15

DATE OF BIRTH: 07 / 29 / 1992

APPROXIMATE LOCATION/TYPE: ADAMS RANCH OFF ARCHULETA COUNTY ROAD 500

☒ MALE ☐ FEMALE   HT: 5' 9"   WT: 200   HAIR: GRY   EYES: BRO

DRIVERS LICENSE/ID #: 95-103-1447   CID #: 173888454

YOU ARE HEREBY NOTIFIED TO APPEAR IN PAGOSA SPRINGS _____ COUNTY COURT located at 449 _____ SAN JUAN STREET
Colorado on JANUARY JAN 7 20/6 at _____ ☐ AM ☐ PM

TO answer charges for violation of:

#1 33-6-116 (1) CRS as amended   Did unlawfully enter upon private land
to hunt wildlife without permission.

#2 33-6-109 (3)(c) CRS as amended   Did unlawfully take wildlife
One spike bull elk

#3 33-6-126 (1) CRS as amended   Did unlawfully shoot from upon
a public road.

#4 Wildlife Commission regulation # 254 (A) pursuant to Title 33 6-104(1) CRS as amended   Did unlawfully
fail to comply with 4-point antler restriction on elk

#5 Wildlife Commission regulation # _____ pursuant to Title 33 - _____ CRS as amended

| | Fine | Surcharge | Points |
|---|---|---|---|
| #1 WARNING | | | |
| #2 $1000.00 | 50 | 15 | 5 |
| #3 $1000.00 | 50 | 15 | 5 |
| #4 $88.50 | | | 5 |
| #5 | | | |
| **TOTAL PENALTY ASSESSMENT AMOUNT:** $2203.50 | | **TOTAL POINTS:** 25 | |

I HEREBY AGREE TO PAY A TOTAL PENALTY ASSESSMENT OF (above) or appear in court at the place and time indicated above. Failure to appear constitutes a separate offense and will result in a warrant being issued for your arrest.

DEFENDANT Signature _____

This penalty assessment must be paid within fifteen (15) days from date of issue. Payment of the fine specified shall be considered a conviction of the offense(s) for which the penalty assessment was paid. If not paid it becomes, by law, a summons and complaint requiring an appearance in court at the place, date and time indicated above.

The undersigned states that he/she has reasonable grounds for believing that the aforementioned offense or offenses was or were committed in fact, and was or were committed by the DEFENDANT against the peace and dignity of the people of the State of Colorado.

OFFICER NAME: Matt Van Houten DWM
SIGNATURE _____
BADGE NO. 1801

Dated this 7 day of November 20 15



# ELK
## ARCHERY, MUZZLELOADER, RIFLE

Bull elk by © Amy Bulger, CP

## NEED TO KNOW

» **NEW! UNIT 128 HUNT DATES.** Unit 128 in the Plains Rifle season now has hunt dates that are different from the rest of the Plains Rifle season. *See page 37.*

» **NEW! UNIT 70 HUNTS SPLIT.** Hunts in units 70, 71, 72, 73 and 711 have been split into two separate licenses. Read the hunt tables to ensure you apply correctly.

» **NEW! LIGHTED NOCKS.** Hunters may now use lighted nocks on arrows. *See page 16.*

» **ARCHERY.** Only legal hand-held bows are allowed in archery season. *See page 16.*

» **MUZZLELOADING.** Muzzleloading elk licenses are limited, available through the draw. Only legal muzzleloading rifles and smoothbore muskets are allowed in muzzleloading season. *See page 16.*

## PREFERENCE POINTS

To apply for a point, enter **E-P-999-99-P** as your first-choice hunt code on your application.

You can gain a preference point as a first choice on your application to use another year. You can use your second through fourth choices on the same application to apply for a license. Submit only one application per species, per year.

You must pay the full license cost, even for a point. If you apply for a point only, your money, minus the $3 application fee and $10 Habitat Stamp fee, will be refunded. Hunters may be charged $40 (or $30 for resident applicants) if you don't meet criteria for a free preference point.

**NONRESIDENTS** must pay at least $464 to apply for an elk preference point, plus a $10 Habitat Stamp fee. If your second, third or fourth choice is for bull or either sex, or if your unsuccessful option is an unlimited bull license, you must pay $619, plus the $10 Habitat Stamp fee.

*See "How Preference Points Work" on page 12.*

## TABLE SYMBOLS

» **AN ASTERISK ( * )** in the "Sex" column indicates units that had licenses remaining after last year's drawing.

» **A PLUS ( + )** in the "Sex" column is for hunt codes for which an average of a least six preference points are needed for a Colorado resident to draw that license. This is only an average and does not guarantee a license will be drawn. *Calculated on a 3-year period ending with the 2009 drawing.*

## ELK SEASON DATES

| » Archery | Aug. 29-Sept. 27 |
| » Muzzleloader | Sept. 12-20 |
| » Plains Rifle | Sept. 1-Jan. 31 |

| » First Rifle | Oct. 10-14 |
| » Second Rifle | Oct. 17-25 |
| » Third Rifle | Oct. 31-Nov. 8 |
| » Fourth Rifle | Nov. 11-15 |

### ? WHAT'S A "COMBINED SEASON"?
The term "combined season" refers to the second, third and fourth rifle seasons, when both deer and elk hunters are in the field at the same time.

## DEFINITIONS

» **NEW! SPECIES IDENTIFICATION PAGE.** *See page 13.*

» **BULL (ANTLERED):** A male animal with antlers at least 5 inches long. *See "Antler Point Restrictions" below.*

» **COW (ANTLERLESS):** A female anim with no antlers or a young male with antle than 5 inches.

» **EITHER SEX:** A legal bull or cow.

## ANTLER-POINT RESTRICTIONS

**1. AN ANTLER POINT** is a projection of antler at least 1 inch long and which is longer than the width of its base.

**2. A BROW TINE** is an antler projection, minimum of 5 inches long, on the lower half of the antler. It usually starts no more than 8 inches from the animal's skull.

**FOUR-POINT RULE** Bull elk taken in all seasons must have four points or more on one antler, or a brow tine of at least 5 inches long in GMUs: 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 41, 42, 43, 44, 45, 47, 52, 53, 54, 55, 59, 60, 62, 63, 64, 65, 66, 67, 68, 70, 71, 72, 73, 74, 75, 77, 78, 79, 80, 81, 82, 83, 85, 86, 131, 140, 161, 171, 181, 191, 211, 214, 231, 301, 361, 371, 411, 421, 441, 444, 471, 511, 521, 551, 581, 681, 691, 711, 741, 751, 771, 851 and 861.

**NO RESTRICTIONS** There are no antler-point restrictions for any season in GMUs: 1, 2, 10, 20, 29, 39, 40, 46, 48, 49, 50, 51, 56, 57, 58, 61, 69, 76, 84, 201, 391, 461, 481, 500, 501, 561, 591, 682, 791, or units east of I-25 (except unit 140). Antlers must meet the minimum length of 5 inches long.

**RANCHING FOR WILDLIFE** There are no antler-point restrictions on Ranching For Wildlife properties, but antlers must meet the minimum length of 5 inches long.



**brow tines**

This i 4-poi



VIMEO.COM/35643

WATCH ONLIN
Can you tell whic
of these bulls ar

1:17cv02214GPG



2015 Colorado Big Game Hunting

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

1.  This appeal is to cancel the adverse final agency action and the decision of the Parks and Wildlife Commission to suspend my licenses for one year.

2.  The Stay should be indefinite.  At my age I wish to hunt and fish as long as I am able.

Date: _10-10-2017_

_Phillip Quesck_
(Plaintiff's Original Signature)

_1450 E. 3rd Ave_
(Street Address)

_Durango CO 81301_
(City, State, ZIP)

_970-247-3389_
(Telephone Number)



UNITED STATES POSTAGE

PITNEY BOWES

$ 005.170
02 1P 0001919957 OCT 12 2017
MAILED FROM ZIP CODE 87313

CERTIFIED MAIL

7015 0640 0007 1542 4729

Magistrate Judge, Gordon P. Gallagher
United States District Court
Alfred A. Arraj Courthouse
901-19th St,. Room kA105
Denver, CO  80294-3589

Phillip Quink
1450 E. 2nd Ave.
Durango, CO  81301